**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SYEDA KHAN,<br><br>Debtor(s).<br>_______________________________<br>ALPESH KUMAN and JYOTIKA KUMAR,<br><br>Plaintiff(s),<br><br>v.<br><br>SYEDA KHAN,<br><br>Defendant(s).<br>_______________________________ | Case No. 25-20724-B-7<br><br>Adversary No. 25-2111 |

**ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES**

The complaint in this adversary proceeding was filed on August 25, 2025. The complaint alleges an unliquidated debt and claims for relief against defendant and chapter 7 debtor Syeda Khan under 11 U.S.C. §§ 523(a)(6), 727(a)(2)(A), 727(a)(3), and 727(a)(4). A summons issued on August 26, 2025.

The court has reviewed the complaint. The court has also reviewed and takes judicial notice of the docket in this adversary proceeding, in the parent chapter 7 case, and in related prepetition action filed in and pending before the Sacramento County Superior Court as Case No. 24CV-014188.

The debt that plaintiff asserts is nondischargeable in this adversary proceeding arises out of claims and cross-claims asserted in the State Court Action, is based on state law, and has not been established or liquidated. Based on the nature of

the claims and the pending State Court Action, the court will exercise its discretion to bifurcate the process of determining the existence and amount of the debt and its dischargeability.

A determination regarding the dischargeability of a debt involves a two-step process: first, the establishment of the debt itself; and second, a determination as to the nature-dischargeable or nondischargeable-of the debt. See Banks v. Gill Distrib. Ctrs., Inc. (In re Banks), 263 F.3d 862, 868 (9th Cir. 2001). Inasmuch as the debt at issue here has not been established or liquidated and is based entirely on state law, the court sees no reason why the state court should not perform the first step through the State Court Action, after which this court will undertake the second step. Factors such as convenience, economy, and comity with state courts involving issues of state law support allowing the state court to establish the existence and amount of the debt while reserving this court's jurisdiction to determine the dischargeability of any debt established in the State Court Action.

To facilitate this process, the court will *sua sponte* terminate the automatic stay of 11 U.S.C. § 362(a) and allow the State Court Action to proceed fully including, but not limited to, all pre-trial, trial, and appellate proceedings to the point of the entry of a final judgment by the state court. In re Bellucci, 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990). There shall, however, be no execution on or enforcement of any judgment entered against defendant by the state court and any such judgment, if any, shall be enforced only in the parent bankruptcy case and/or through this adversary proceeding. This procedure is

not unique. See e.g., Kempton v. Clark (In re Clark), 2014 WL 5646640 (9th Cir. BAP Nov. 4, 2014).

In Clark, the creditor filed a nondischargebility proceeding under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). Id. At *2. The debt at issue was based on claims made against the debtor in a prepetition state court case that was pending when the debtor filed her bankruptcy petition. Id. Following a case management conference, the bankruptcy court entered a case management order in which it stayed the adversary proceeding, terminated the automatic stay, ordered the debt to be established in the state court action, ordered the debtor to appear in the state court action, and ordered the parties to return to the bankruptcy court for further proceedings on any state court judgment. Id. Finding no error with the process, the Ninth Circuit Bankruptcy Appellate Panel concluded as follows:

> In these circumstances, we do not perceive an abuse of discretion in the bankruptcy court's decision to lift the automatic stay of § 362 to allow the State Court Litigation to proceed in the California state courts prior to moving forward with the Adversary Proceeding, and we conclude that the bankruptcy court did not err in entering the Case Management Order.

Id. at *9.

Based on the foregoing, and other good cause appearing:

IT IS ORDERED that the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** and **VACATED** for all purposes stated above to allow the State Court Action to proceed and to require defendant to appear in the State Court Action. There shall be no execution on or enforcement of any judgment entered against defendant by the state court and any such judgment shall be enforced only in the parent bankruptcy case and/or through this adversary proceeding.

IT IS FURTHER ORDERED that this adversary proceeding is **STAYED** pending conclusion of the State Court Action and further order of this court.

IT IS FURTHER ORDERED that plaintiff shall file a status report every sixty (60) days with the first status report filed sixty (60) days after the date of this order.

IT IS FURTHER ORDERED that for calendaring purposes the status conference currently set on October 28, 2025, at 11:00 a.m. is **CONTINUED** to January 6, 2026, at 11:00 a.m.

**Dated:** August 27, 2025

**Christopher D. Jaime, Judge**
**United States Bankruptcy Court**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

D. Randall Ensminger
570 5th Street
Lincoln CA 95648

SYEDA KHAN
7714 Elsie Ave
Sacramento CA 95828

Tracy L. Wood
Law Office of Tracy Wood
PO Box 332
Oroville CA 95965-0332

Gabriel P Herrera
1331 Garden Hwy, 2nd Floor
Sacramento CA 95833